In re )  Case No. _____
)
)
)  **Notice of Motion for Relief**
)  **From (Check All That Apply):**
)      **Automatic Stay in a Chapter 7/13 Case**
)      **Chapter 13 Codebtor Stay**
Debtor(s) )

1. **YOU ARE NOTIFIED** that a motion was filed by _____, the moving party, for (Check all that apply):

   Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

   Relief from the stay protecting the codebtor and codebtor's property as provided by 11 U.S.C. § 1301. Codebtor's name and service address are: _____

   _____.

2. A copy of the motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____

   _____.

3. If you wish to resist the motion, you must, within 14 days of the service date shown below, file the following with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E. 8th Ave. #2600, Eugene OR 97401:

   a. A written response that states the facts supporting the opposition to the motion by filling in the applicable "response" portions on a copy of the original motion. If the response will be electronically filed, the response must be prepared using the fillable pdf version of the original motion unless the motion was filed on paper and could not be electronically obtained from the movant; and

   b. A fully completed notice of hearing using Local Bankruptcy Form (LBF) 721, including the date and time of the hearing. Available hearing dates and times are posted at https://www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information.

4. **Failure to Object or Serve Proper Notice of Hearing**. If you fail to file a timely response and notice of hearing, then the automatic stay may expire as to the debtor(s) pursuant to 11 U.S.C. § 362(e) and the stay protecting the codebtor may expire pursuant to 11 U.S.C. § 1301(d), or the court may sign an order without further notice, submitted by the moving party on LBF 720.90, granting relief from the debtor stay and/or codebtor stay.

720 (12/1/2018)          Page 1 of 2

I certify that:

(1)  The motion was prepared using the fillable PDF version of LBF 720.80; and

(2) On _____ this notice and the motion were served on the debtor(s), any codebtor at the address listed above, the trustee, the U.S. Trustee, members of any committee elected pursuant to 11 U.S.C. § 705, and their respective attorneys.

_____
Signature of Moving Party or Attorney                    (OSB#)

Case 17-63436-pcm13    Doc 45    Filed 01/03/19

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No._____

) 

) (*Check all applicable boxes*)

) **Ch. 7/13 Motion for Relief from**

) **Debtor      Chapter 13 Codebtor Stay**

) Filed by Creditor:

) _____

) *Response to Stay Motion filed by Respondent:*

Debtor(s) ) _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):

    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____;
    other:

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable
    information from debtor's schedules if available on PACER:

    Total debt secured by collateral (total 1.b. + 1.c.): $_____.

    d. Value of collateral: $_____.
    Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.

    f. If Chapter 13:

        (1) $_____ postpetition default consisting of (e.g., $_____ payments, $_____
        late charges, $_____ fees):

        (2) $_____ prepetition default consisting of      amounts specified in proof of claim, or,
            consisting of:

    g. If Chapter 7, total amount of default $_____.

Case 17-63436-pcm13    Doc 45    Filed 01/03/19

**RESPONSE** *(Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*

        Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.

        Lack of insurance on collateral.

        No equity in the collateral and the property is not necessary for an  effective reorganization.

        Failure of debtor to make Chapter 13 plan payments to the trustee.

        Failure of debtor to make direct payments to secured creditor required by Chapter 13 plan.

        Other (describe):

**RESPONSE** *(Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) 720.90 available at https://www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

    a. Date petition filed: _____ Current Chapter: _____ (7 or 13)

       If 13, current plan date _____ Confirmed:   Yes     No

       If 13, treatment of creditor's prepetition claim(s) in plan:

       If 7, debtor    has    has not stated on Local Form (LBF) 521 or 521.05 that debtor intends to surrender the collateral.

    b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see paragraph 6 below):

       Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on_____.

Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (*Chapter 13 only*)
   a. _____, whose address is _____
   _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):
      codebtor received the consideration for the claim held by creditor, debtor's plan does not propose to pay creditor's claim in full, creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or because:

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** (To be completed by creditor, if applicable):

RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):

6.  **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. (*If you check this box, you must complete paragraph 5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

Other (describe and explain cause):

**RESPONSE** (*Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Bankruptcy Form (LBF) 720.90 available at* https://www.orb.uscourts.gov *under Forms/Local Forms) (to be completed by respondent):*

7.  **Documents:**

**If creditor claims to be secured in paragraph 3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

**If this case is a Chapter 13 case and the collateral as to which creditor seeks stay relief is real property**, creditor has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how creditor applied the payment.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

        Postpetition payment history if not required above.

        Documents establishing that creditor owns the debt described in paragraph 1 or is otherwise a proper party to bring this motion.

        Other document(s) (specific description):

<u>Creditor/Attorney</u>

Signature:_____

Name:_____

Address:_____

_____

Email Address:_____

Phone No:_____

OSB#:_____

<u>Respondent Debtor/Attorney</u> *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____

Name:_____

Address:_____

_____

Email Address:_____

Phone No:_____

OSB#:_____

<u>Respondent Codebtor/Attorney</u> *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____

Name:_____

Address:_____

_____

Email Address:_____

Phone No:_____

OSB#:_____

*You are hereby notified that the creditor is attempting to collect a debt and any information obtained will be used for that purpose.*

In re )  Case No. _____
)
)  NOTICE OF HEARING ON MOTION
)  FOR RELIEF FROM **DEBTOR'S**
)  AUTOMATIC STAY IN A **CHAPTER**
)  **7/13** CASE, AND/OR **CODEBTOR'S**
Debtor(s) )  STAY IN A **CHAPTER 13** CASE

The attached Response, filed for the respondent, _____, who is
the (debtor, trustee, etc.) _____, is in response to the Motion for Relief from Stay filed on
behalf of (moving party) _____.

The name and service address of the respondent's attorney (or respondent, if no attorney) are: _____
_____.

(If debtor is respondent) The debtor's address and Taxpayer ID#(s) (last 4 digits) are: _____
_____.

**NOTICE IS GIVEN THAT**:

A **Telephone Hearing** on the Motion, at which no testimony will be taken, will be held as follows:

      **Date**:
      **Time:**

      **Call In Number:**   (888) 684-8852
      **Access Code:**     3702597

[Note: If you have problems connecting, call the court at (503) 326-1500 or (541) 431-4000.]

## TELEPHONE HEARING REQUIREMENTS

1.  You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

2.  You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3.  Please mute your phone when you are not speaking.  If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak.  Do not put the court on hold if it will result in music or other noise.  If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4.  When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality.  Position the telephone to minimize paper rustling.  Do not use a keyboard or talk with others in the room.  Be aware that telephone hearings may be amplified throughout the courtroom.

5.  Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6.  Whenever speaking, first identify yourself.

7.  Be on time.  The judge may handle late calls the same as a late appearance in the courtroom.

_____
      Signature

I certify that:  (1) the response was prepared using a copy of the ORIGINAL Motion; (2) if the Response was electronically filed, the response was prepared using the "FILLABLE" PDF version of the Motion unless the Motion was filed on paper and it could not be otherwise electronically obtained from the movant; and (3) that on _____ copies of this Notice and the Response were served on the moving party's attorney (or moving party, if no attorney) at the address shown in the Notice of Motion.

_____
721 (6/1/13)                       Signature & Relation to Respondent

Scott D. Crawford, SBN 086448
ZIEVE, BRODNAX & STEELE, LLP
One World Trade Center
121 Southwest Salmon St., 11th Fl.
Portland, OR 97204
(503) 946-6558 | FAX: (503) 296-2884
Email: bankruptcy@zbslaw.com
File No. 18005673

Attorneys for Movant,
US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III
TRUST

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>RUBEN LIMAS, SR.,<br><br>               Debtor. | Case No.: 17-63436-pcm13<br>Chapter 13 |

## <u>CERTIFICATE OF SERVICE</u>

      I, Michele Dapello, certify that I am an employee of Zieve, Brodnax, & Steele, LLP, 30

Corporate Park, Suite 450, Irvine, CA 92606, over the age of 18, and not a party within this action.

I, further certify, that on the 3rd day of January, 2019, I served via U.S. Mail a copy of the proposed

**<u>NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY IN A CHAPTER 13</u>**

**<u>CASE, CHAPTER 13 MOTION FOR RELIEF FROM DEBTOR STAY FILED BY US</u>**

**<u>BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III</u>**

**<u>TRUST AND CERTIFICATE OF SERVICE</u>** addressed to the following:

1

| | | |
|---|---|---|
| 1 | Ruben Limas, Sr. | Debtor (per Court Docket) |
| 2 | 4935 Delight Street N. | |
| | Keizer, OR 97303 | |
| 3 | | |
| | Kevin D Swartz | Debtor's Counsel |
| 4 | POB 12829 | kswartz@olsendaines.com |
| | Salem, OR 97309-0829 | |
| 5 | | |
| | Naliko Markel | Chapter 13 Trustee |
| 6 | Office of the Standing Chapter 13 Trustee | ecf@eugene13.com |
| 7 | 400 E. 2nd Ave., Suite 200 | |
| | Eugene, OR 97401 | |
| 8 | | |
| | US Trustee, Eugene | Office of the United States Trustee |
| 9 | 405 E 8th Ave., #110 | USTPRegion18.EG.ECF@usdoj.gov |
| 10 | Eugene, OR 97401-2706 | |

/s/ Michele Dapello
An Employee of Zieve, Brodnax, & Steele, LLP

# LOAN AGREEMENT
## Including Truth-in-Lending Disclosure

| **Lender:** (Called "We", "Us", "Our")<br>HOUSEHOLD FINANCE CORPORATION II<br>15660 SW PACIFIC HWY<br>SUITE A4<br>TIGARD, OR 97224 | |
|---|---|
| **Borrowers:** (Called "You", "Your")<br>RUBEN LIMAS<br>4935 DELIGHT ST N<br>KEIZER, OR 97303 | |
| **Date of Loan:** 01/14/2009 | **Loan Number:** |

In this agreement, "you", "your" mean the Borrower(s) who signs this agreement. "We", "us" and "our" refer to the Lender. This agreement covers the terms and conditions of your loan. It is important to us that you clearly understand the features of your loan. Please read this agreement carefully, and ask us any questions you may have.

### Truth-in-Lending Disclosure

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br><br>The dollar amount the credit will cost you. | Amount Financed<br><br>The amount of credit provided to you or on your behalf. | Total of Payments<br><br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.644% | $179,631.77 | $127,099.27 | $306,731.04 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 1 | $1,161.86 | 02/14/2009 |
| 263 | $1,161.86 | Day 14 of each month thereafter. |
| | | |

Exhibit 1
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

**Assumption:** Someone buying your home cannot assume the remainder of the mortgage on the original terms.

**YOU ARE GIVING US A SECURITY INTEREST IN THE REAL PROPERTY AS DESCRIBED IN THE  DEED OF TRUST AND LOCATED AT:**

4935 DELIGHT ST N
KEIZER, OR 97303

| | |
|---|---|
| **Late Charge** | If your monthly installment is not paid in full within 15  day(s) after it is due, you will be charged a late charge equal to 5% of the unpaid amount of the monthly installment. |
| **Prepayment** | You may prepay your loan in full or in part at any time. If you pay off your loan early, you will have to pay a penalty and you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

---

**The Settlement Statement provides your disbursements and the itemization of the Amount Financed.**

---

### ABOUT THE SECURITY:

| | |
|---|---|
| **Your Obligation to Insure** | You shall keep the structures located on the real property securing your loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is canceled or expires while your loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below. |
| **Real Property Taxes and Homeowners Insurance** | Homeowners Insurance covering fire and other hazards on the real property security is required, naming us as a loss payee for the term of your loan. You shall pay us on the day that monthly installments are due under this agreement, an additional sum (the "Funds") to be used to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Deed of Trust as a lien or encumbrance on the real property; (b) leasehold payments or ground rents on the real property, if any; (c) premiums for any and all insurance required by us under this agreement and the Deed of Trust ("Escrow Items"). You will pay us the Funds for Escrow Items unless we waive your obligation to pay the Funds for any or all Escrow Items. We may waive your obligation to pay us Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, you will be solely responsible for paying the amounts due for any Escrow Items directly and, if we require, you shall furnish us with receipts |

Exhibit 1
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

evidencing such payment within such time period as we may reasonably require.

**Title Insurance**

Title insurance on the real property security is required, naming us as a loss payee. You must purchase title insurance or its local equivalent protecting our lien on the real property as a condition to obtaining your loan. You may purchase title insurance from any title insurance provider you choose that we reasonably believe provides sufficient financial protection to us. You request such title insurance and authorize us to deduct the costs of the title insurance from your loan proceeds in order to pay the title insurance provider.

**Lender's Right to Place Hazard Insurance**

Unless you provide us with evidence of the insurance coverage as required by our contract or loan agreement, we may purchase insurance at your expense to protect our interest. This insurance may, but need not, also protect your interest. If the collateral becomes damaged, the coverage we purchase may not pay any claim you make or any claim made against you. You may later cancel this coverage by providing evidence that you have obtained property coverage elsewhere. You are responsible for the cost of any insurance purchased by us. The cost of this insurance may be added to your contract or loan balance. If the cost is added to your contract or loan balance, the interest rate on the underlying contract or loan will apply to this added amount. The effective date of coverage may be the date your prior coverage lapsed or the date you failed to provide proof of coverage. The coverage we purchase may be considerably more expensive than insurance you can obtain on your own and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

---

### ABOUT YOUR LOAN REPAYMENT:

| | | | |
|---|---|---|---|
| SCHEDULED MATURITY DATE | 01/14/2031 | PREPAID FINANCE CHARGES | $506.64 |
| MONTHS OF CONTRACT | 264 | PRINCIPAL | $127,605.91 |
| CONTRACT RATE (per year) | 9.590% | SINGLE CREDIT LIFE | $75.28 |
| AMOUNT FINANCED | $127,099.27 | SINGLE INVOLUNTARY UNEMPLOYMENT | $44.53 |

Exhibit 1

| | |
|---|---|
| **Promise to Pay** | You agree to the terms of this agreement and promise to pay us the principal (Amount Financed plus prepaid finance charges consisting of Origination Fee/Points, Closing Fee and Tax Service Fee) plus interest which is computed at a rate of 9.590% (the "Contract Rate"). You agree to pay us in monthly installments as stated in the Payments provision of this agreement. You also agree to pay us: (a) other charges as provided in this agreement; (b) credit insurance charges, if any; (c) collection costs permitted by applicable law, including reasonable attorneys' fees otherwise due under your Deed of Trust and (d) any other charges reflected in your settlement statement. |
| **Interest** | Interest will be charged on the unpaid principal until the full amount of principal has been paid. You will pay us interest at a yearly Contract Rate of 9.590%. |
| | The interest rate required by this provision is the rate you will pay both before and after any default as described in this agreement. |
| **Payments** | **Time and Place of Payments** |
| | You will pay us principal and interest by paying your monthly installments. |
| | You will make your monthly installments to us on the same day of each month beginning on or about 02/14/2009. You will make these monthly installments every month until you have paid all of the principal and interest and any other charges described herein that you may owe under this agreement. Your monthly installments will be applied to interest before principal. If, on the Scheduled Maturity Date, 01/14/2031, you still owe amounts under this agreement, you will pay those amounts in full on that date, which amount will include interest at the then current Contract Rate or any such other rate as required by law. |
| | You will make your monthly installments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you. |
| | **Amount of Monthly Installments** |
| | Your monthly installments will be in the amount of $1,161.86, plus the amount of any optional insurance or funds for escrow you elected. |
| **Prepayment** | Subject to the prepayment penalty described below, you may prepay your loan in full or in part at any time. If you pay off your loan early, you may have to pay a penalty and you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |
| **Prepayment Penalty** | Your loan contains a prepayment penalty. If you prepay the entire outstanding balance of your loan at any time within 24 months of the Date of Loan, 01/14/2009, you agree to pay a prepayment penalty equal to 6 months interest calculated at the Contract Rate in effect at |

Exhibit 1
Case 17-63436-pcm13  Doc 45  Filed 01/03/19

the time of prepayment on the unpaid principal balance. No prepayment penalty will be imposed: (a) if your loan is refinanced by another loan with us; (b) after 24 months; (c) if your loan is prepaid from the proceeds of any insurance; or (d) if we sue you. Additionally, no prepayment penalty will be imposed if you pay the entire outstanding balance of your loan as the result of the sale of the property securing the loan. You must provide us with documentation acceptable to us verifying the sale of the property.

The principal balance of your loan is $127,605.91. The amount financed of your loan is $127,099.27. If the loan is paid off immediately after your right to cancel expires, the maximum prepayment penalty assessed on your loan would equal $6,118.70.

**Late Charge**

If your monthly installment is not paid in full within 15 day(s) after it is due, you will be charged a late charge equal to 5% of the unpaid amount of the monthly installment.

**Bad Check Charge**

You agree to pay $25.00 each time any check or payment is made on your loan by any means, including but not limited to, a check or ACH (our Authorization to Debit Account), which is returned unpaid by your bank or other financial institution for any reason.

**Additional Charges**

You agree to pay any amounts actually incurred by us for services rendered in connection with the opening and servicing of your loan, as allowed by law. These amounts may include fees for appraisals, title examination, title insurance or its local equivalent, fees and taxes paid to public officials in connection with recording, releasing or satisfying the Deed of Trust and other taxes as shown in the Settlement Statement incorporated herein by this reference. You also agree to pay any other amounts incurred by us in connection with the servicing of your loan including any amounts that we may (but need not) pay or that are otherwise due under the Deed of Trust, incorporated herein by this reference.

**Default**

If you fail to make any monthly installment after it becomes due or fail to comply with the terms of the Deed of Trust, we may require that you pay us, at once and without prior notice or demand, the unpaid balance of your loan plus accrued interest and any applicable charges in this agreement as authorized.

**Security Interest**

You agree to give us a security interest in the real property as described in the Deed of Trust.

Exhibit 1

## ABOUT OUR RELATIONSHIP:

**Exchange of Information**

You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you.

**Credit Bureau Reporting**

If you fail to fulfill the terms of your loan, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency.

**Telephone Monitoring**

You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes.

**Insurance**

Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference.

**Alternative Dispute Resolution**

The terms of the Arbitration Rider signed by you as part of your loan transaction are incorporated herein by this reference.

**Applicable Law**

The terms and conditions of this agreement will be governed by the laws of Oregon, including but not limited to Section 82 ORS.

If this loan is a first mortgage, it is a federally related loan made at an agreed rate authorized by Section 501(a), Part A, Title V, Public Law 96-221, also known as Section 1735f-7(a), Title 12, United States Code.

---

If any provision of this agreement is finally determined to be void or unenforceable under any law, rule, or regulation, all other provisions of this agreement will remain valid and enforceable. Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s). In order for any amendment to this agreement to be valid, it must be agreed to by you and us.

**You acknowledge that before signing this agreement, you have read and received this agreement which includes the Federal Truth-in-Lending disclosure and, as applicable, any other riders and/or disclosures incorporated herein by reference. By signing below, you agree to observe the terms and conditions of this agreement.**

Exhibit 1

NOTICE TO THE BORROWER

Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

Borrower: _____ Date: 1-14-09
RUBEN LIMAS

Borrower: _____ Date: _____

Witness: _____

Exhibit 1

# ALLONGE TO NOTE

Caliber Document ID#:

Account Number:

Allonge to Note Dated:     **1/14/2009**

And Executed by:           **RUBEN LIMAS**

Property Address:          **4935 DELIGHT ST N**

                           **KEIZER, OR  97303**

Loan Amount:               **$127,605.91**

Pay to the order of:       **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
                           MASTER PARTICIPATION TRUST**

Without recourse:          **HOUSEHOLD FINANCE CORPORATION II, BY
                           CALIBER HOME LOANS, INC., AS ATTORNEY IN
                           FACT**

By:                        **Amy Schroeder**

Title:                     **Authorized Signatory**

Exhibit 1
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

# ALLONGE TO NOTE

Caliber Document ID#:

Account Number:

Allonge to Note Dated: **1/14/2009**

And Executed by: **RUBEN LIMAS**

Property Address: **4935 DELIGHT ST N**

**KEIZER, OR  97303**

Loan Amount: **$127,605.91**

Pay to the order of: _____

Without recourse: **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

_____

By: **Amy Schroeder**

Title: **Authorized Signatory**

Exhibit 1
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

WHEN RECORDED MAIL TO

NAME  Records Processing Services

STREET ADDRESS  577 Lamont Road

CITY & STREET  Elmhurst, IL 60126

TICOR TITLE

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

'JAN 2 9 2009

THIS DEED OF TRUST is made this __14TH__ day of JANUARY ____ 20 09 , between the Grantor(s), RUBEN LIMAS

(herein "Borrower"), TICOR TITLE INSURANCE COMPANY ,
(herein "Trustee") and the Beneficiary HOUSEHOLD FINANCE CORPORATION II
a corporation organized and existing under the laws of DELAWARE ____ whose address is
15660 SW PACIFIC HWY, SUITE A4, TIGARD, OR 97224
(herein "Lender"). Witnesseth:

WHEREAS, Borrower is indebted to Lender in the principal sum of $ 127,605.91
evidenced by Borrower's Loan Agreement dated JANUARY 14, 2009 ____ and any extensions or renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on JANUARY 14, 2031 ;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property located in the County of MARION ____ State of Oregon:

> PARCEL 1 OF PRTITION PLAT NO. 93-116, RECORDED DECEMBER 29,
> 1993 IN REEL 1131, PAGE 62, MICROFILM RECORDS, MARION
> COUNTY, OREGON.

Exhibit 2
Case 17-63436-pcm13  Doc 45  Filed 01/03/19

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the Contract Rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Deed of Trust shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Deed of Trust is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Deed of Trust be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Monthy Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Deed of Trust or performing the covenants and agreements secured by this Deed of Trust.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Monthly Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Deed of Trust, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Monthly Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Monthly Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Monthly Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Monthly Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Monthly Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Monthly Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Deed of Trust as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Deed of Trust, as the phrase "covenant and agreement" is used in Section 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 7 and pay such amount and Borrower shall then be obligated under Section 7 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000, as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

## Exhibit 2
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1, 2 and 3 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's rights to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed Of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may take or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or who hereafter may become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be

Exhibit 2
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who consigns this Deed of Trust, but does not execute the Note, (a) is consigning this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law; in which case, Federal law applies. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs" and "expenses" and "attorney fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust, if requested, at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property; (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property; (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property; or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or

Exhibit 2
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or to (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof including, but not limited to, reasonable attorney's fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of, and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, and if Lender is not committed to make any future refinancings or future advances, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto. Such person or persons shall pay all reconveyance fees and costs of recordation, if any.

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Attorney's Fees.** As used in this Deed of Trust and in the Note, "attorneys' fees" shall include attorney's fees, if any, which shall be awarded by an appellate court.

**23. Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

**(THIS SPACE INTENTIONALLY LEFT BLANK)**

Exhibit 2
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____
                                                                          -Borrower

Ruben  Limas

                                                                          -Borrower

STATE OF OREGON, _____Washington_____ County ss:

On this_____14th_____ day of _____January_____, 20 _09___ , personally appeared the above named
_____Ruben Limas_____ and acknowledged
the foregoing instrument to be _____His_____ voluntary act and deed.

(Official Seal)                                        Before me: _Tasha J. Taylor_
My Commission expires:_____

> OFFICIAL SEAL
> TASHA J TAYLOR
> NOTARY PUBLIC - OREGON
> COMMISSION NO. 432983
> MY COMMISSION EXPIRES OCTOBER 18, 2012

_Tasha Taylor_
                                                            Notary Public

STATE OF OREGON, _____County ss:

On this_____ day of_____, 20 _____ , personally appeared the above named
_____ and acknowledged
the foregoing insrument to be _____ voluntary act and deed.

(Official Seal)                                        Before me:
My Commission expires:

                                                            _____
                                                            Notary Public

### REQUEST FOR RECONVEYANCE

TO TRUSTEE:
    The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date: _____        _____

_____ (Space Below This Line Reserved For Lender and Recorder)_____

                        Return To:
                        Records Processing Services
                        577 Lamont Road
                        Elmhurst, IL 60126

Exhibit 2
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

Recording Requested By:
**T.D. SERVICE COMPANY**

Prepared By:
**T.D. Service Company**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA 92868**
**(714) 543-8372, SARAH NICOLE KENNEDY**

And When Recorded Mail To:
**T.D. Service Company**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA 92868**

REEL 3608 PAGE 143
MARION COUNTY
BILL BURGESS, COUNTY CLERK
05-30-2014      09:41 am.
Control Number  361989  $  46.00
Instrument  2014 00017637



## CERTIFIED TRUE AND CORRECT COPY BY CALIBER HOME LOANS

## ASSIGNMENT OF DEED OF TRUST

Customer#:      Service#:

Loan#:

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby assign and transfer to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, all its right, title and interest in and to said Deed of Trust in the amount of $127,605.91, recorded in the State of OREGON, County of MARION Official Records, dated JANUARY 14, 2009 and recorded on JANUARY 16, 2009, as Instrument No. —, in Book No. 3025, at Page No. 492.
Executed By: RUBEN LIMAS (Original Trustor)
Original Beneficiary: HOUSEHOLD FINANCE CORPORATION II
Property Address: 4935 DELIGHT ST N, KEIZER, OR 97303-5408.

Date: **MAY 2 7 2014**
HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550

By: _____
**Sarah Kennedy, Assistant Secretary**

| State of | **CALIFORNIA** | } |
| County of | **ORANGE** | } ss. |

On **MAY 2 7 2014**, before me, **Julian Yanez**, a Notary Public, personally appeared **Sarah Kennedy**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

(Notary Name): **Julian Yanez**

JULIAN YANEZ
Commission # 2014006
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

Exhibit 3
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

REEL     4135   PAGE  383
MARION COUNTY
BILL BURGESS, COUNTY CLERK
10-26-2018              12:46 pm.
Control Number   528706 $      91.00
Instrument   2018 00052114

Return to: Meridian Asset Services
Attn: Document Intake
3201 34th St. South
Suite B310
St. Petersburg, FL 33711
RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:

---

Space Above This Line For Recorder's Use

Prepared By:    Carolyn Warren
MERS Min:

Parcel ID:  L

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134, hereby grants, assigns and transfers to **＊＊**                              whose address is **＊＊＊** _____ all beneficial interest under that certain Deed of Trust dated 1/14/2009 executed by RUBEN LIMAS to HOUSEHOLD FINANCE CORPORATION II in the amount of $127,605.91 and recorded on 1/16/2009 as Instrument #**＊**, in Book/Volume or Liber No. 3025 , Page/folio 492 of Official Records in the County Recorder's office of MARION County, OR, describing land herein as: 'SEE ATTACHED 'EXHIBIT 'A'
#**＊**:  **＊ 240388**

**＊＊** Citicorp Trust Delaware, National Association,
not in its individual capacity, but solely as owner
trustee of CSMC 2014-RPL3 Trust

**＊＊＊** 20 Montchanin Road, Suite 180
Greenville, Delaware 19807

Property Address:      4935 DELIGHT ST N, KEIZER OR  97303

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated this 13th day of April of 2015

Witness #1   Carolyn Warren

Witness #2   Stephanie Burdick

County of  Oklahoma )
State of  Oklahoma )

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
MASTER PARTICIPATION TRUST, BY CALIBER HOME
LOANS, INC., AS ITS ATTORNEY IN FACT

By:       Roy Lacey
Title:    Authorized Signatory

On April 13, 2015 before me, Hailey Woosley, a Notary Public in and for Oklahoma County, in the State of Oklahoma, personally appeared, Roy Lacey, Authorized Signatory of Caliber Home Loans, Inc. & personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand official seal

Notary Name:    Hailey Woosley

My Commission Expires:      6/1/2016

HAILEY WOOSLEY
NOTARY
# 12005161
EXP. 05/01/16
STATE OF OK

Exhibit 3
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

## EXHIBIT A

PARCEL 1 OF PRTITION PLAT NO. 93-116, RECORDED DECEMBER 29, 1993 IN REEL 1131, PAGE 62, MICROFILM RECORDS, MARION COUNTY, OREGON.

Exhibit 3
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

**REEL: 4135     PAGE: 383**

**October 26, 2018, 12:46 pm.**

CONTROL #:   528706

State of Oregon
County of Marion

I hereby certify that the attached
instrument was received and duly
recorded by me in Marion County
records:

FEE: $     91.00

BILL BURGESS
COUNTY CLERK

THIS IS NOT AN INVOICE.

Exhibit 3
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

REEL    4135   PAGE   382
MARION COUNTY
BILL BURGESS, COUNTY CLERK
10-26-2018              12:46 pm.
Control Number    528706  $      91.00
Instrument   2018 00052113

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

_____ Space above for Recorder's use _____

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **CITICORP TRUST DELAWARE, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE OF CSMC 2014-RPL3 TRUST**, whose address is **20 MONTCHANIN ROAD, SUITE 180, GREENVILLE, DELAWARE 19807**, (ASSIGNOR), does hereby grant, assign and transfer to **MTGLQ INVESTORS, L.P.**, whose address is **2001 ROSS AVENUE SUITE 2800, DALLAS, TEXAS 75201**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: **1/14/2009**
Original Loan Amount: **$127,605.91**
Executed by (Borrower(s)): **RUBEN LIMAS**
Original Trustee: **TICOR TITLE INSURANCE COMPANY**
Original Beneficiary: **HOUSEHOLD FINANCE CORPORATION II**
Filed of Record: In Book **3025**, Page **492**,
Document/Instrument No: **240388** in the Recording District of **MARION, OR**, Recorded on **1/16/2009**.

· :Property more commonly described as: **4935 DELIGHT ST N, KEIZER, OR 97303-5408**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date:   **JUL 1 9 2018**

**CITICORP TRUST DELAWARE, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE OF CSMC 2014-RPL3 TRUST, BY MTGLQ INVESTORS, L.P., ITS ATTORNEY-IN-FACT**

By: **DAVE SLEAR**
Title: **VICE PRESIDENT**

Witness Name:   **Devin Buckland**

Exhibit 3
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of    **TEXAS**
County of   **DALLAS**

On **JUL 1 9 2018**, before me, **Blake Doyle**, a Notary Public, personally appeared **DAVE SLEAR, VICE PRESIDENT of/for MTGLQ INVESTORS, L.P., AS ATTORNEY-IN-FACT FOR CITICORP TRUST DELAWARE, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE OF CSMC 2014-RPL3 TRUST,** personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **TEXAS** that the foregoing paragraph is true and correct. I further certify DAVE SLEAR, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): _____ **Blake Doyle**
My commission expires: **SEP 1 4 2021**

BLAKE DOYLE
Notary Public, State of Texas
Comm. Expires 09-14-2021
Notary ID 131278981

Exhibit 3
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

**REEL: 4135      PAGE: 382**

**October 26, 2018, 12:46 pm.**

CONTROL #:   528706

State of Oregon
County of Marion

I hereby certify that the attached
instrument was received and duly
recorded by me in Marion County
records:

FEE: $      91.00

BILL BURGESS
COUNTY CLERK

THIS IS NOT AN INVOICE.

Exhibit 3
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

REEL    4135   PAGE   381
MARION COUNTY
BILL BURGESS, COUNTY CLERK
10-26-2018             12:46 pm.
Control Number    528706  $      91.00
Instrument   2018 00052112

_____   Space above for Recorder's use _____

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MTGLQ INVESTORS, L.P.**, whose address is **2001 ROSS AVENUE SUITE 2800, DALLAS, TEXAS 75201**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: **1/14/2009**
Original Loan Amount: **$127,605.91**
Executed by (Borrower(s)): **RUBEN LIMAS**
Original Trustee: **TICOR TITLE INSURANCE COMPANY**
Original Beneficiary: **HOUSEHOLD FINANCE CORPORATION II**
Filed of Record: In Book **3025**, Page **492**,
Document/Instrument No: **240388** in the Recording District of **MARION, OR**, Recorded on **1/16/2009**.

Property more commonly described as: **4935 DELIGHT ST N, KEIZER, OR 97303-5408**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: _____**AUG 2 2 2018**_____

**MTGLQ INVESTORS, L.P.**

By: **ERIN JEMISON**
Title: **VICE PRESIDENT**

Witness Name: _____**Emmy Rash**

Exhibit 3
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF
THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE
TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **TEXAS**
County of **DALLAS**

On **AUG 2 2 2018**, before me, **Joel Pires**, a Notary Public, personally appeared **ERIN
JEMISON, VICE PRESIDENT of/for MTGLQ INVESTORS, L.P.**, personally known to me, or who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **TEXAS** that the
foregoing paragraph is true and correct. I further certify ERIN JEMISON, signed, sealed, attested and delivered this
document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): **Joel Pires**
My commission expires: **FEB 0 9 2021**

JOEL PIRES
Notary Public State of Texas
My Commission# 131006061
My Comm. Exp. Feb. 09, 2021

Exhibit 3
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

**REEL: 4135          PAGE: 381**

**October 26, 2018, 12:46 pm.**

CONTROL #:    528706

State of Oregon
County of Marion

I hereby certify that the attached
instrument was received and duly
recorded by me in Marion County
records:

FEE: $     91.00

BILL BURGESS
COUNTY CLERK

THIS IS NOT AN INVOICE.

Exhibit 3
Case 17-63436-pcm13    Doc 45    Filed 01/03/19

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

REEL    4146  PAGE  453
MARION COUNTY
BILL BURGESS, COUNTY CLERK
12-05-2018              08:57 am.
Control Number    532859  $      91.00
Instrument  2018 00057684

Space above for Recorder's use _____

Loan No:
Svcr Ln No:

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNOR), does hereby grant, assign and transfer to **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: **1/14/2009**
Original Loan Amount: **$127,605.91**
Executed by (Borrower(s)): **RUBEN LIMAS**
Original Trustee: **TICOR TITLE INSURANCE COMPANY**
Original Beneficiary: **HOUSEHOLD FINANCE CORPORATION II**
Filed of Record: In Book **3025**, Page **492**,
Document/Instrument No: **240388** in the Recording District of **MARION, OR**, Recorded on **1/16/2009**.

Property more commonly described as: **4935 DELIGHT ST N, KEIZER, OR 97303-5408**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date:  _11-26-2018_

**US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: **STEVEN JANICEK**
Title: **VICE PRESIDENT**

Witness Name: **RACHEL GILE**

Exhibit 3
Case 17-63436-pcm13   Doc 45   Filed 01/03/19

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of        **FLORIDA**
County of     **PINELLAS**

On ___11/26/18___ , before me, **KIMBERLY JEAN LITCHFIELD**, a Notary Public, personally appeared STEVEN JANICEK, **VICE PRESIDENT** of/for **MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify STEVEN JANICEK, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

KIMBERLY JEAN LITCHFIELD
Commission # GG 177060
Expires January 21, 2022
Bonded Thru Budget Notary Services

(Notary Name): **KIMBERLY JEAN LITCHFIELD**
My commission expires: **01/21/2022**

Exhibit 3

**REEL: 4146      PAGE: 453**

**December 05, 2018, 08:57 am.**

CONTROL #:   532859

State of Oregon
County of Marion

I hereby certify that the attached
instrument was received and duly
recorded by me in Marion County
records:

FEE: $    91.00

BILL BURGESS
COUNTY CLERK

THIS IS NOT AN INVOICE.

| Limas, Ruben | | | | | | | Interest Method: | Arrears | *Trustee pays Arrears/Borrower pays Ongoing* | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Interest Rate: | 4.125% | **BK Filed 11/10/2017 - Case #17-63436 | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Trans Date | Days | Description | Total Pd | Amt Pd | Mo Acc Int | Cum Acc Int | Pd Interest | Principal | Escrow Bal | Escrow Disb/Pmt | Arrearage Balance | Arrearage Disb/Pmts | Late Balance | Late Fees/pmts | Suspense | Prin Bal |
| | | | | | | 2,033.33 | | | (2,448.65) | | 0.00 | | 0.00 | | 594.87 | 99,735.30 |
| | 05/19/2017 thru 10/19/2017 | 4,803.42 | 4,803.42 | 0.00 | 2,033.33 | 2,033.33 | 2,770.09 | (2,448.65) | 0.00 | (4803.42) | (4803.42) | 0.00 | 0.00 | 594.87 | 96,965.21 | |
| | Late Charges | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,448.65) | 0.00 | (4843.44) | (40.02) | 0.00 | 0.00 | 594.87 | 96,965.21 | |
| | Corp Adv | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,448.65) | 0.00 | (5789.94) | (946.50) | 0.00 | 0.00 | 594.87 | 96,965.21 | |
| | Escrow Deficiency | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,448.65) | 0.00 | (8238.59) | (2448.65) | 0.00 | 0.00 | 594.87 | 96,965.21 | |
| | POC Unapplied | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,448.65) | 0.00 | (7643.72) | 594.87 | 0.00 | 0.00 | 0.00 | 96,965.21 | |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,448.65) | 0.00 | (7643.72) | 0.00 | 0.00 | 0.00 | 0.00 | 96,965.21 | |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,448.65) | 0.00 | (7643.72) | 0.00 | 0.00 | 0.00 | 0.00 | 96,965.21 | |
| 02/08/2018 | 30 | 11/19/2017 | 1,017.19 | 800.57 | 333.32 | 333.32 | 333.32 | 467.25 | (2,232.03) | 216.62 | (7643.72) | 0.00 | 0.00 | 0.00 | 0.00 | 96,497.96 |
| 03/02/2018 | 30 | 12/19/2017 | 1,017.19 | 800.57 | 331.71 | 331.71 | 331.71 | 468.86 | (2,015.41) | 216.62 | (7643.72) | 0.00 | 0.00 | 0.00 | 0.00 | 96,029.10 |
| 04/06/2018 | 30 | 01/19/2018 | 1,017.19 | 800.57 | 330.10 | 330.10 | 330.10 | 470.47 | (1,798.79) | 216.62 | (7643.72) | 0.00 | 0.00 | 0.00 | 0.00 | 95,558.63 |
| 05/14/2018 | | Ongoing Funds | 1,017.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,798.79) | 0.00 | (7643.72) | 0.00 | 0.00 | 0.00 | 1,017.00 | 95,558.63 |
| 06/08/2018 | 30 | 02/19/2018 | 1,017.19 | 800.57 | 328.48 | 328.48 | 328.48 | 472.09 | (1,582.17) | 216.62 | (7643.72) | 0.00 | 0.00 | 0.00 | 1,017.00 | 95,086.54 |
| 07/23/2018 | 30 | 03/19/2018 | 1,014.00 | 800.57 | 326.86 | 326.86 | 326.86 | 473.71 | (1,365.55) | 216.62 | (7643.72) | 0.00 | 0.00 | 0.00 | 1,013.81 | 94,612.83 |
| 07/24/2018 | | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,082.55) | (717.00) | (7643.72) | 0.00 | 0.00 | 0.00 | 1,013.81 | 94,612.83 |
| 08/20/2018 | 30 | 04/19/2018 | 1,014.00 | 800.57 | 325.23 | 325.23 | 325.23 | 475.34 | (1,865.93) | 216.62 | (7643.72) | 0.00 | 0.00 | 0.00 | 1,010.62 | 94,137.49 |
| 08/20/2018 | | Late Charge Assessed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,865.93) | 0.00 | (7643.72) | 0.00 | (40.03) | (40.03) | 1,010.62 | 94,137.49 |
| 09/04/2018 | | Late Charge Assessed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,865.93) | 0.00 | (7643.72) | 0.00 | (80.06) | (40.03) | 1,010.62 | 94,137.49 |
| 09/14/2018 | 30 | 05/19/2018 | 1,000.00 | 800.57 | 323.60 | 323.60 | 323.60 | 476.97 | (1,649.31) | 216.62 | (7643.72) | 0.00 | (80.06) | 0.00 | 993.43 | 93,660.52 |
| 10/05/2018 | | Late Charge Assessed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,649.31) | 0.00 | (7643.72) | 0.00 | (120.09) | (40.03) | 993.43 | 93,660.52 |
| 10/15/2018 | 30 | 06/19/2018 | 1,015.00 | 800.57 | 321.96 | 321.96 | 321.96 | 478.61 | (1,432.69) | 216.62 | (7643.72) | 0.00 | (120.09) | 0.00 | 991.24 | 93,181.91 |
| | 30 | 07/19/2018 payment with adjust | 0.00 | 800.57 | 320.31 | 320.31 | 320.31 | 480.26 | (1,242.02) | 190.67 | (7643.72) | 0.00 | (120.09) | 0.00 | (0.00) | 92,701.65 |
| | | Reclassify Escrow | 1,242.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,242.02 | 1,242.02 | (7643.72) | 0.00 | (120.09) | 0.00 | (0.00) | 92,701.65 |
| 10/29/2018 | | Tax Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,580.91) | (1,580.91) | (7643.72) | 0.00 | (120.09) | 0.00 | (0.00) | 92,701.65 |
| 10/30/2018 | | Arrears | 268.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,580.91) | 0.00 | (7374.82) | 268.90 | (120.09) | 0.00 | (0.00) | 92,701.65 |
| 10/31/2018 | | Late Charge Assessed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,580.91) | 0.00 | (7374.82) | 0.00 | (160.12) | (40.03) | (0.00) | 92,701.65 |
| 11/26/2018 | 30 | 08/19/2018 | 1,050.00 | 800.57 | 318.66 | 318.66 | 318.66 | 481.91 | (1,364.29) | 216.62 | (7374.82) | 0.00 | (160.12) | 0.00 | 32.81 | 92,219.74 |

Exhibit 4

Case 17-63436-pcm13   Doc 45   Filed 01/03/19